486]                    *SAUNDERS *v.* POPE.

*Bailee—Consideration.*

The delivery of a pledge to a third person, not authorized to receive it, is good consideration for an *assumpsit.*

THIS was an action on the case, in which the jury found a ver-dict for the plaintiff, upon the first count in the declaration, and assessed his damages to $300.   A motion was made to arrest the judgment, and its determination adjourned to this court, by the Supreme Court sitting in Hamilton county.

The first count in the declaration states, in substance, that on the 5th May, 1818, one Nathaniel Pope was indebted to the plaintiff a pleasure carriage *in part,* and directed and authorized the plaintiff to sell the same to any person for a sum not less than $300, and to receive and apply the moneys to the plaintiff's own use.   That on the 1st May, 1822, J. W. Pope, the defendant, in consideration, that the plaintiff would deliver to him the carriage, promised to pay him $300, when thereto afterward requested; and avers a delivery confiding in this promise.

HAMMOND, in support of the motion:

There is no consideration alleged in this count sufficient to sus-tain a promise to pay money.

It is not a declaration upon a sale of the carriage under the authority to sell, set out in the first part of the count; a mere naked agreement by the owner to deliver a chattel to a third person, is not a foundation whereon to ground an assumpsit to pay anything. An agreement to deliver only, and a delivery in pursuance of the agreement, would give to the party receiving the delivery no power over, or authority to use the chattel. The owner's right to reclaim immediate possession would not be impaired, and a demand to have the chattel restored to the possession of the owner, would put an end to the rightful possession of the person to whom it was delivered. A refusal to redeliver upon demand would give the owner a right to recover the value in an action of trover. A mere naked agree-ment to deliver possession confers no right or benefit.

*An agreement to deliver a chattel to be used or kept for a [487 specific purpose, or for a time certain, would stand upon a differ-ent ground. And there is no case of a declaration upon a naked agreement to deliver. There must be a loan, a pledge, or a sale, connected with the contract to deliver, to make out a considera-tion in assumpsit for the delivery of a chattel. If, then, the car-riage had been the undisputed property of the plaintiff, his declara-tion makes no case upon which he could recover. As the case really is, he has much less color of right.

Upon the case as stated in the declaration, the owner of the car-riage pledged it to the plaintiff, in security for an existing debt, with an authority to sell it provided it would sell for three hundred dollars, and receive and credit the proceeds to the owner's account.

It is a well-settled doctrine that the right of property in a chat-tel pledged, remains in the pawnor. And that the pawnee can not sell the pledge, so as to vest an interest in the purchaser, except according to the stipulations upon which the pledge was made. 2 Caine, 202; 2 Ves. Jr. 378; 5 Johns. 258; 8 Johns. 96; 12 Johns. 146; Croke Jas. 244.

The plaintiff in this case received the carriage as a pledge, and agreed to sell it if it would bring $300. He had no power by his contract to dispose of it upon any other terms, and his delivering it to a stranger was a violation of his agreement with the owner. The delivery is not alleged to have been made for any purpose

consistent with the proper use of a pledge, or the special right of
the pawnee. It is stated as a general delivery. The pawnee hav--
ing thus parted with the possession of the pledge, in violation of
his agreement, the right of the owner to reclaim it from the de-
fendant immediately attached to it. So that the defendant acquired
no right whatever, not even the right to keep possession, or to use
it. The owner might consider it a sale, and charge the pawnee
with the $300; or he might reclaim his carriage from the defend-
ant, and upon a refusal to deliver it, recover the value in trover.
The consideration alleged in the declaration is, therefore, objec-
tionable : First, because the plaintiff founds it upon a violation of
his own agreement; and second, because the defendant re-
ceived no advantage from the delivery. He did not purchase,
488]   neither *did he obtain a right to use or retain. For even
if the original owner's right did not attach, the right of the
plaintiff, as pawnee, to demand an immediate return, was not
affected by the delivery—the declaration merely stating the
naked delivery of the pledge, and stating no agreement that the
defendant should keep and use it.

If the contract had been that the plaintiff should redeliver the
pledge to the owner, and in consideration thereof the defendant
would pay $300, the value, the case would have stood differently;
or if the contract had been in consideration that the plaintiff
would deliver the pledge to the defendant, at the request of the
owner, it would have been well. In either of these cases, the
plaintiff would have acted lawfully. He would have violated no
obligation; because it was lawful for him to restore the pledge to
the owner. And it was lawful for him to do it upon a just con-
sideration. The defendant would have, in the event of receiving
the pledge with the assent of both owner and pawnee, a legal title
to the pledge, according to his contract for receiving it with the
owner. But here, the delivery being tortious, he acquired no such
right.

It is not pretended that the plaintiff sold the pledge to the de-
fendant in execution of his authority. Take the case in the
strongest sense for the plaintiff, and the carriage remains in pledge
to this day between the plaintiff and the owner. No time was
fixed for the sale of the pledge, or for its redemption. No meas-
ures had been taken to enforce a redemption before this suit was
brought. By the payment of the debt due from the owner at any

time hereafter, a right to demand the carriage, and to recover its value, either against the plaintiff or against the defendant exists, and can be enforced against the defendant. The plaintiff's recovery can not bar the recovery of the owner. The case in Croke James, of the hat-band set with pearls, was a recovery against the person to whom the pledge was delivered. The defendant ought not to be made twice liable for the same chattel.

But whether the plaintiff be considered as the general or the special owner of the carriage, the agreement to deliver it only, without authority to keep or to use it, is not a sufficient consideration whereon to ground the action.

\*GUILFORD, for plaintiff: .                                                          [489

It is alleged in arrest, that no sufficient consideration is set out. in the declaration to sustain the action.

The contract as set out is not a *nudum pactum.* The plaintiff was actually damaged by the performance of his part of the contract. Relying upon the promise of the defendant, he parted with the possession of a chattel which was available in his hands to the full value of it.

" *If there be any benefit, labor, or prejudice, however trifling, it is deemed a sufficient consideration.*" 1 Com. 16.

But the plaintiff was not only prejudiced by the delivery of the carriage, but the defendant was benefited by the possession, however temporary. The case in Cro. Eliz., cited in Com., was for " the consideration that the plaintiff would deliver to the defendant certain goods in which the plaintiff had only a special property ; " and this was held a sufficient consideration, " for the defendant has a benefit by the *present possession.*" 1 Com. 14; Cro. Eliz. 218; Yelv. 4, 50, 128.

For the same reasons, the defendant can not avoid his promise by showing that the plaintiff exceeded his authority, for granting that the plaintiff had only a special property in the carriage, and could convey no title to it except the bare possession, subject to be taken from him whenever the pawnor chose.; yet from the case in Cro. Eliz., above cited, the " present possession " is a benefit sufficient to sustain the action. No fraud or deception is alleged by the defendant—the contract was fair, mutual, and well understood for aught that appears in the declaration. If there are any defects in the declaration they are cured by the verdict—for : " The

court will infer almost anything after verdict; and want of certainty in the description or CONSIDERATION, or of the *contract itself*, will be thereby aided." For unless these defects or omissions were proved on the trial, "it is not to be presumed that the court would have directed the jury to give, or that the jury would have given the verdict." 1 Chit. 402; 1 Saund. 228, a, note 1; 1 Johns. Cas. 100; 1 Johns. 276; 2 Johns. 571; 15 East, 290; 11 Johns. 143.

490]  *By the COURT:

It is not necessary to constitute a good consideration for an assumpsit that the party making the promise should receive any actual value or benefit from the party to whom the promise is made, if, in consequence of the transaction, a loss has been sustained by such a party; this has long been settled.

In this case the plaintiff parted with his pledge, by which he lost a security for so much of his debt, and also rendered himself liable to N. Pope, the owner, for the value of it. This prejudice to him, incurred at the request and upon the promise of the defendant, constitutes a good consideration to sustain an action of assumpsit. It is of no importance that the defendant could gain no advantage from the contract; he took that risk upon himself, and the fact does not render the contract *nudum pactum*. The motion must be overruled, and judgment rendered for the plaintiff.